**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JULIA A. JENKINS,               :
                                :
        Plaintiff,              :
                                :
VS.                             :
                                :    7 : 11-CV-92 (HL)
MICHAEL J. ASTRUE,              :
Commissioner of Social Security, :
                                :
        Defendant.              :
_____

## RECOMMENDATION

The Plaintiff filed this Social Security appeal on July 5, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that

the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.   20 C.F.R. ▪ 404.1520.   In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant=s impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant=s residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant=s residual functional capacity, age, education, and work experience allow an adjustment to other work.

### Administrative Proceedings

The Plaintiff filed an application for disability benefits on August 21, 2008.   (T – 131-134 ).   Her claims were denied initially and upon reconsideration.   (T – 72, 73).   A hearing was held before an ALJ on January 5, 2010.   (T – 32-65).   In a decision dated May 27, 2010, the ALJ determined that the Plaintiff was not disabled.   (T – 14-29).   The Appeals Council denied Plaintiff=s request for review, making the May 2010 decision the final decision of the Commissioner.   (T- 1-5).

### Statement of Facts and Evidence

The Plaintiff was 47 years of age at the time of the ALJ's hearing on her claim.   (T – 39, 131).   She has an eighth grade education and past relevant work experience as a sealing machine operator, a

grill cook, and a newspaper deliverer.   (T – 40, 42, 44-45, 47).   Plaintiff asserts that she became

unable to work as of October 14, 2005 due to back and leg pain.   As determined by the ALJ, Plaintiff

suffers from severe impairments in the form of obesity and the residuals of two lumbar surgeries.   (T

- 19).   In his May 2010 decision, the ALJ found that the Plaintiff had the residual functional capacity

to perform a limited range of light work and could return to her past relevant work as a sealing

machine operator, a grill cook, and a newspaper deliverer, and thus she was not disabled.   (T – 23).

## DISCUSSION

The Plaintiff asserts that the ALJ erred in finding her allegations of disability not entirely

credible, in that Plaintiff did not testify to activities inconsistent with disability.   If the Commissioner

"finds evidence of an underlying medical condition, and either (1) objective medical evidence to

confirm the severity of the alleged pain arising from that condition, or (2) that the objectively

determined medical condition is of a severity which can reasonably be expected to give rise to the

alleged pain," then he must consider the claimant's subjective testimony of pain.   *Marbury v.*

*Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.   20

C.F.R. § 404.1529(a).   Rather, the intensity and persistence of the pain must be considered, using

plaintiff's testimony, including activities of daily living, and objective medical records as evidence.

20 C.F.R. § 404.1529(c).   The Commissioner is entitled to "consider whether there are any

inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's]

statements and the rest of the evidence."   20 C.F.R. § 404.1529(c)(4).   If plaintiff's testimony of pain

and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff

can be deemed disabled.   However, if the Commissioner discredits such testimony, "he must

articulate explicit and adequate reasons," or the testimony must be accepted as true.   *Cannon v.*

*Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

After detailing the Plaintiff's hearing testimony, the ALJ found that:

> the claimant's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Specifically, at the hearing, the claimant testified that, despite her impairments, she drives short distances, shops while riding a motorized cart, makes the bed, cooks, attends church, watches television, and reads a Bible.
>
> In addition, the objective medical evidence indicates that the claimant suffers from obesity and the residuals of two lumbar surgeries; but the claimant's treatment-seeking history, diagnostic test results, clinical signs, symptoms, medications and other prescribed treatment demonstrate that the claimant is able to perform a wide range of physical work activities.   For example, the claimant underwent a lumbar myelogram and CT scan on September 23, 2005, due to a work-related injury that revealed degenerative changes of L5-S1 with only mild bony narrowing of the neural foraminal canals and a diffuse disc bulge at L4-5 (Exhibits B2F and B4F).

(T – 21).

The Plaintiff argues that the ALJ's findings regarding her activities are not supported by substantial evidence, as Plaintiff's testimony reveals a more limited range of activity than that described by the ALJ and used to discredit Plaintiff's accounts of disabling limitations.

The Court finds that the ALJ thoroughly considered and evaluated the record and the Plaintiff's subjective complaints, and properly provided sufficient reasons for partially discrediting Plaintiff's testimony.   The ALJ accurately described the Plaintiff's testimony regarding her activities.   *See* T – 51-56.   The ALJ also looked to the conflicts between the objective medical record and Plaintiff's subjective complaints in finding that Plaintiff's subjective complaints were not entirely credible.   The

4

record supports the ALJ's findings that the objective medical record, specifically those findings of State agency physicians, conflicts with Plaintiff's allegation of disabling pain and limitation.   As noted by the Commissioner, the State agency physicians issued significantly less severe restrictions on Plaintiff's physical abilities than those to which Plaintiff testified.   Plaintiff's treating physician ultimately found no pathology to support Plaintiff's ongoing complaints of pain and swelling following back surgery in 2006.   (T – 516).

***Treating physician=s opinions***

The Plaintiff also argues that the ALJ improperly discounted the opinions of her treating physician Dr. Edward Mark.   Pursuant to 20 C.F.R. ' 404.1527(e)(2), the Commissioner will Aconsider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner.@   AA statement by a medical source that you are >disabled=or >unable to work=does not mean that we will determine that you are disabled.@   20 C.F.R. ' 404.1527(e)(1).   Good cause to discount the opinion of a physician has been found to exist Awhere the doctor=s opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.   We have also found good cause where the doctors=opinions were conclusory or inconsistent with their own medical records.@   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).   As the *Lewis* court noted, A[w]e are concerned here with the doctors=evaluations of [the plaintiff=s] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition.@*Id.*

In an assessment issued in 2007, Dr. Mark stated that the Plaintiff was capable of performing sedentary work, assigning January 18, 2007 as the date of maximum medical improvement.   (T – 516).   Dr. Mark noted, however, that he could not locate the leg swelling of which the Plaintiff

complained, and that he had not been able to find any pathology to explain Plaintiff's continued complaints of back and leg pain.   *Id.*   Dr. Mark further noted that Plaintiff "participated in a functional capacity evaluation but could not participate enough to establish a capacity level."   *Id.*   In regard to this opinion of treating physician Dr. Mark, the ALJ:

> [gave] this opinion only some weight as it is inconsistent with the objective medical evidence as a whole and Dr. Mark's own objective findings on exam.   For example on that same date, Dr. Mark noted that the claimant had no focal tenderness or signs of pathology, and he reviewed the claimant's essentially normal EMG scans and myelogram that revealed no stenosis.
>
> The undersigned also notes that four Disability Determination Services' physicians found the claimant capable of performing a very wide range of light exertional level activities.   The undersigned finds these opinions are consistent with the objective medical evidence of record, and gives them great weight.   However, when also giving the claimant the full benefit of the doubt, the undersigned finds that the claimant has some additional limitations due to her low back and lower extremity pain that is affected by her obesity.

(T – 22).

The Plaintiff argues that Dr. Mark's 2007 limitations were entitled to great weight and that the ALJ erred in discounting and rejecting Dr. Mark's opinions.   A review of the opinions issued by Dr. Mark, his treatment notes, and the ALJ's decision herein reveals that the ALJ's decision to discount Dr. Mark's opinion to the extent that it dictated a finding of disability is supported by substantial evidence. The ALJ properly considered Dr. Mark's statements and assessments, as evidenced by the ALJ's decision, although the ALJ assigned only some weight to Dr. Mark's 2007 assessment.   The ALJ specifically noted the internal inconsistency between the sedentary work limitation in the 2007 assessment and Dr. Mark's own treatment notes, which noted that a functional capacity result had not been established and that no pathology had been identified to explain the ongoing complaints of pain.

As the Commissioner points out, Dr. Mark's treatment notes do not support his conclusions regarding the severe limitations Dr. Mark issued regarding Plaintiff's level of functioning in 2007. Moreover, Dr. Mark's treatment notes reflect that Plaintiff underwent a second back surgery in March 2009, after which she was referred for physical therapy.   Treatment notes show that post-operatively, Plaintiff achieved good pain control with medication, and ultimately experienced "some discomfort" in her back, legs and feet, primarily at night.   (T – 623, 642).   Plaintiff was ultimately dismissed from physical therapy after missing a high percentage of appointments and refusing to advance her activity levels.   (T – 641, 733, 745, 751).   Contrary to Plaintiff's conclusions, the simple fact that Dr. Mark ultimately performed two back surgeries on Plaintiff, only one of which had been performed at the time of the issuance of Dr. Mark's 2007 statement, does not provide objective support for his conclusions of sedentary limitations in 2007.   Nor does it follow that Plaintiff would have necessarily been more physically limited after the second surgery.

### Conclusion

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 4th day of February, 2013.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**